# DANENHOWER *v.* HAYES.

### CONTRACTS; GUARANTY.

Where a hotel proprietor, unable to accommodate an expected party of guests, arranged with another hotel proprietor to accommodate the party for a definite length of time at a specified rate, guaranteeing their coming and remaining the time agreed upon, and such other proprietor made preparations for the expected guests, incurring considerable expense, and, in order to reserve rooms for them, refused to contract with another party with whom he had been negotiating, and the members of the party, on arrival, refused to accept the accommodations offered, the proprietor so guaranteeing is liable to the other for damages for breach of the guaranty.

No. 2095.   Submitted March 2, 1910.   Decided April 5, 1910.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action for breach of contract.                          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment rendered in the supreme court of the District of Columbia against the appellant, William W. Danenhower, and in favor of appellee, Narcissa Hayes, for the sum of $250 for the breach of an alleged contract. This action was originally brought in the justice of the peace court, and a judgment there rendered in favor of appellee for the sum of $125, from which judgment appellant appealed to the supreme court of the District.

It appears that on March 26, 1908, appellant was the proprietor of the Fredonia Hotel, and the appellee was the proprietress of the George Washington Hotel, both situated in this city. Shortly prior thereto, appellant had engaged to accommodate at his hotel a party of about forty-five persons from

Boston. Some days before their arrival, appellant, finding that he could not accommodate them, requested appellee to arrange for their accommodation at her hotel. The agreement between the parties was partly verbal and partly in writing. The written portions consisted of two separate papers, one signed by appellee and the other signed by appellant. The writing signed by appellee is as follows: "3/26/08. Miss N. Hayes agrees to take forty-five people from Sunday afternoon, March 29, to Friday, after breakfast, at $7.50 per person. April 3." The record does not contain a copy of the paper signed by appellant, but it is recited in the bill of exceptions: "Then Mr. Danenhower signed a paper writing (which he drew up himself), whereby he bound himself personally to pay to the plaintiff 35 cents for each of the forty-five persons, in order that the plaintiff would be assured of receiving $7.50 for each of said persons." This agreement on the part of appellant to pay appellee 35 cents for each of the forty-five persons was due to the fact that the rate at which appellant had agreed to take the party was thirty-five cents less per person for the five days than that demanded by appellee.

The evidence on the part of the appellee, in effect, discloses, and for the purposes of this appeal must be accepted as true, that the appellant assured appellee that the forty-five persons would come to Washington, and that they would remain at the George Washington Hotel for the four and three-quarter days from March 29, 1908. Pursuant to the agreement, appellee made preparations for the accommodation of the prospective guests, incurred considerable expense, and, in order to reserve room for them, refused to contract for another party with whom she had been negotiating. It appears that, when the party arrived in Washington, appellant sent automobiles to the depot to meet them, and they were taken to appellee's hotel. After inspecting the rooms, they all left the hotel, refusing to accept the accommodations afforded. For the damage sustained, appellee brought this suit.

*Mr. Charles A. Keigwin* and *Mr. Hayden Johnson* for the appellant.

*Mr. Levi H. David* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The case comes here on a single assignment of error: "That the court below erred in refusing to grant his motion, made at the conclusion of the evidence, to instruct the jury to return a verdict in his favor."

The evidence of appellee discloses that appellant made representations to her which amounted to a guaranty on his part that the party of guests would not only come to her hotel, but that they would stop there during the time agreed upon. This was disputed by the testimony of the appellant. An issue of fact was, therefore, presented to the jury, the further consideration of which, under the limitations of the single assignment of error, is foreclosed by the verdict. This is a contract based upon the happening of a contingency; namely, the coming of a party of guests, to be turned over to appellee by appellant to be entertained. The party came, and appellee fulfilled her part of the contract by furnishing the accommodations agreed upon. Her proof is that appellant failed in his part of the agreement, in that the party refused to accept the accommodations afforded and which appellant had contracted that they would accept.

This is simply a case of the appellant's undertaking to do a perfectly lawful thing, which he was unable to perform. Such contracts, in the absence of fraud, are enforceable. In 2 Parsons on Contracts, p. 673, it is said: "If one, for a valid consideration, promises another to do that which is in fact impossible, but the promise is not obtained by actual or constructive fraud, and is not on its face obviously impossible, there seems no reason why the promisor should not be held to pay damages for the breach of the contract; not, in fact, for not doing what cannot be done, but for undertaking and promising to do it.

(*Ashmore* v. *Cox* [1899] 1 Q. B. 436.) So, if it becomes impossible by contingencies which should have been foreseen and provided against in the contract,—and still more if they might have been prevented,—the promisor should be held answerable. So, if the impossibility applies to the promisor personally, there being no natural impossibility in the thing, this will not be a sufficient excuse."

Such contracts, when fairly and honestly made, are enforceable. There is no claim of fraud or deception in this case. The agreement was a fair one, with ample consideration. Touching the question of consideration, in *Hendrick* v. *Lindsay,* 93 U. S. 143, 23 L. ed. 855, the court said: "It is argued that Hendrick had no personal interest in the matter, and that, therefore, there was no consideration for his promise. But damage to the promisee constitutes as good a consideration as benefit to the promisor. In *Pillans* v. *Van Mierop,* 3 Burr. 1663, the court says: 'Any damage or suspension of a right or possibility of a loss occasioned to the plaintiff by the promise of another is a sufficient consideration for such promise, and will make it binding, although no actual benefit accrues to the party promising.' This rule is sustained by a long series of adjudged cases."

The questions of fact in this case have been disposed of by the jury, and there are no questions of law that demand further consideration. The judgment is affirmed with costs, and it is so ordered.                    *Affirmed.*